UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LAURA FAYE T., )
 )
        PLAINTIFF, )
 )
v. ) CASE NO. 19-CV-88-FHM
 )
ANDREW SAUL, Commissioner, )
Social Security Administration, )
 )
        DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Laura Faye T., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance,

---

[1] Plaintiff's applications were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held March 26, 2018. By decision dated April 19, 2018, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 20, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 43 years old on the alleged date of onset of disability and 46 on the date of the denial decision. Plaintiff graduated high school and her past work experience includes cashier-checker. Plaintiff claims to have become disabled as of February 1, 2015 due to severe anxiety, severe depression, and bulging discs in neck and lumbar. [R. 201].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to degenerative disc disease status post cervical surgery, depression, and pain disorder. [R. 21]. The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work in that she is able to lift and/or carry 10 pounds occasionally and up to 10 pounds frequently. Plaintiff is able to walk and/or stand at least 2 hours in an 8-hour workday, and sit at last 6 hours in an 8-hour workday. Plaintiff must avoid work above shoulder level and is able to perform simple, repetitive tasks. Plaintiff is able to relate to coworkers and supervisors only superficially, and is unable to work with the public. [R. 24]. The ALJ determined that

2

Plaintiff was unable to perform her past relevant work as a cashier-checker. [R. 29]. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 30]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to give legitimate reasons for rejecting the treating physician's medical opinion; and 2) failed to properly consider Plaintiff's allegations. [Dkt. 14, p. 3].

## **Analysis**

### Treating Physician's Opinion

Plaintiff argues that the ALJ failed to give legitimate reasons for rejecting the treating physician's medical opinion. In particular Plaintiff argues that the ALJ only relied on Plaintiff's post-surgery examination findings and failed to consider the pre-surgery examination findings.

Although the ALJ only cited the post-surgery examinations in the part of the decision where he addressed the opinion evidence, he thoroughly discussed the treating physician's objective testing and the pre surgery examination findings in another part of the decision and concluded that they were not consistent with the alleged severity of Plaintiff's complaints, and by extension with the treating physician's opinion. The decision clearly shows that the ALJ considered all of the evidence from the treating physician in

3

formulating the RFC. Any imprecision in the way the decision is written or formatted provides no basis for relief.[2]

### Consideration of Plaintiff's Allegations

Plaintiff argues that the ALJ failed to properly consider her allegations of pain, numbness, and weakness in her neck and hands. Further, Plaintiff contends that the ALJ did not make it clear what evidence was inconsistent with which allegation. [Dkt. 14, p. 7-8].

Although the Social Security Administration has eliminated the use of the term "credibility" from the agency's sub-regulatory policy, the agency continues to evaluate a disability claimant's symptoms using a two-step process: First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult . . . . Soc. Sec. Ruling (*SSR*) 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 at 2 (Mar. 16, 2016) (superseding SSR 96-7p; Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996)). The two-step process substantially restates the prior two-step process set forth in SSR 96-7, which was characterized by the Tenth Circuit as a three-step process set forth in *Luna v. Bowen*,

---

[2] In her reply brief, Plaintiff confirms that she is not arguing for a closed period of disability. [Dkt. 20, p. 3].

834 F.2d 161, 163-64 (10th Cir. 1987), the seminal case regarding credibility followed in the Tenth Circuit. See, e.g., *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166–67 (10th Cir. 2012).

At step one of the process, "[a]n individual's symptoms, . . . will not be found to affect the ability to perform work-related activities for an adult . . . unless medical signs or laboratory findings show a medically determinable impairment is present." *Id.* at 3. At step two, the ALJ may consider, among other things, a number of factors in assessing a claimant's credibility, including the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks and citations omitted); see 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). The Court is not to disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler*, 68 F.3d at 391). However, credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (citations omitted).

The ALJ accurately outlined the points of Plaintiff's testimony including her alleged inability to sit more than thirty to forty-five minutes, problems walking approximately one block, and reported leg, hand, and finger numbness. Plaintiff was able to pick up a gallon of milk but her arm shook when she set it down. Numbness in her hands affect her grip

and she had difficulty tying her shoes. Plaintiff rests or naps 3 to 4 hours per day, she cleans a little bit, and cooks in the microwave. Plaintiff's daughter vacuums and helps wash her hair due to pain lifting her arms overhead. [R. 24-25].

The ALJ also noted the inconsistencies between Plaintiff's allegations and the medical records. Plaintiff had some bilateral hand dysesthesias but had no motor deficits. Reflexes were symmetric at 2/4. Plaintiff had a non-antalgic gait with no use of assistive devices. Plaintiff had diffuse pain throughout the cervical spine, but the Spurling's test was negative. Further, Plaintiff's activities of daily living include preparing meals, cleaning, shopping for food, laundry, and driving. [R. 25-27].

The ALJ's findings concerning the severity of Plaintiff's symptoms are closely and affirmatively linked to substantial evidence. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's determination.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 30th day of March, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE